**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SEAN ARMSTRONG, | ) | ID NO. 2207014137 |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

Date Submitted: June 23, 2023
Date Decided: July 7, 2023

*Upon the State's Motion in Limine.* **GRANTED, in part, DENIED, in part.**

## ORDER

Nichole Whetham Warner, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State of Delaware.

Michael W. Modica, Esquire, Wilmington, Delaware, Attorney for Defendant.

**SCOTT, J.**

1

## INTRODUCTION

Before the Court is the State of Delaware's ("State") Motion in *Limine* pursuant to Delaware Rule of Evidence 404(b) (the "Motion"). After reviewing the Motion and the Defendant Sean Armstrong's ("Mr. Armstrong") Response, the State's Motion is **GRANTED, in part, DENIED7, in part.**

## BACKGROUND

Mr. Armstrong is charged with Child Abuse in the Second Degree after his infant son sustained injury to his arm while in his sole care. The State seeks to introduce evidence of prior text messages (sent by Mr. Armstrong to the mother of the infant after the infant sustained injuries while in Mr. Armstrong's care), testimony of eyewitnesses who observed Mr. Armstrong handle and speak to the infant in an aggressive manner, and an interview of the infant's sibling conduct at the Child Advocacy Center, wherein she describes Mr. Armstrong's treatment of and statements to the infant. The text messages the State seeks to introduce include photographs and statements about earlier injuries the infant sustained in Mr. Armstrong's care. The state seeks to admit the above evidence to show the Mr. Armstrong's (1) state of mind was either intentional or reckless, (2) absence of mistake or accident, (3) modus operandi and (4) motive.

## STANDARD OF REVIEW

Under Delaware Rule of Evidence 403 ("D.R.E. __"), the Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Under D.R.E. 404(b)(1), evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. Under D.R.E. 404(b)(2), such evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

## ANALYSIS

The State seeks to admit text messages, testimony of eyewitnesses who observed Mr. Armstrong handle and speak to the infant in an aggressive manner, and an interview of the infant's sibling conduct at the Child Advocacy Center, to show the Mr. Armstrong's (1) state of mind was either intentional or reckless, (2) absence of mistake or accident, (3) modus operandi and (4) motive.

Evidence of other crimes or bad acts is generally inadmissible to prove the commission of the offense charged.[1] This rule prevents the State from proving a

---

[1] *Getz v. State*, 538 A.2d 726, 730 (Del. 1988).

charged offense by presenting evidence of other crimes on the theory that the defendant acted in conformity with his prior bad acts. That is, the State cannot use another offense to establish that the defendant had a propensity to commit the charged offense.[2]  D.R.E. 404(b) sets forth the general rule and its exceptions. Under D.R.E. 404(b)(1), evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. Under D.R.E. 404(b)(2), such evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Five guidelines are to be considered by trial judges in assessing the admissibility of evidence under Rule 404(b) are set forth in *Getz v. State*: (1) the evidence must be material to an issue in the case; (2) the evidence must be introduced for a purpose sanctioned by Rule 404(b) or any other purpose not inconsistent with the basic prohibition against evidence of bad character or criminal disposition; (3) the evidence of other acts must be proved by plain, clear and conclusive evidence; (4) the other acts cannot be too remote in time;[3] and (5) the court needs to balance the probative value of such evidence against its potential for prejudice under D.R.E.

---

[2] *Deshields v. State*, 706 A.2d 502, 506 (Del. 1998).

[3] Evidence is remote only when there is "no visible, plain, or necessary connection" between the evidence and the charges currently before the court. See *State v. Ashley*, 1998 WL 731568 (Del. Super.) (citing *Lloyd v. State*, 1991 WL 247734 (Del. 1991)).

403. If the evidence is admitted, the judge must instruct the jury about the reason the evidence was admitted.[4]

Furthermore, the Delaware Supreme Court identified additional factors to consider when balancing the probative value and unfair prejudice of proffered evidence under the fifth prong of *Getz*,[5] as follows:

(1) The extent to which the point to be proved is disputed;
(2) The adequacy of proof of the prior conduct;
(3) The probative force of the evidence;
(4) The proponent's need for the evidence;
(5) The availability of less prejudicial proof;
(6) The inflammatory or prejudicial effect of the evidence;
(7) The similarity of the prior wrong to the charged offense;
(8) The effectiveness of limiting instructions; and
(9) The extent to which prior act evidence would prolong the proceedings.[6]

***As to the text messages, photographs and statements about earlier injuries to the infant sustained while in Mr. Armstrong's care***

To meet the first prong of *Getz*, the evidence must be material to an issue or fact in dispute in the case. Evidence is material if it tends, of itself or in connection with other evidence, to influence the result reached by the jury.[7]

Here, the first prong is satisfied because evidence of Mr. Armstrong's prior bad acts involving child abuse is being offered to prove Mr. Armstrong's state of mind and lack of mistake. Mr. Armstrong's state of mind and the instances of abuse

---

[4] *Getz*, at 734.
[5] *DeShields*, 706 A.2d at 506–07.
[6] *Id.*
[7] *Lloyd v. State*, 604 A.2d 418, 1991 WL 247737, at *2 (Del. Nov. 6, 1991).

being lack of mistake are both material facts in dispute here. In *Morse v. State*[8], where this Court admitted prior uncharged abusive acts against defendant's stepdaughter, the Supreme Court found the first factor was met because of the uncharged abuse was relevant to defendant's state of mind – a material issue in dispute.[9] Here, the evidence is being used to rebut the claims that Mr. Armstrong's claims that the child's injuries were accidental and as such, this evidence is material to a central issue of this case: intent.

The second *Getz* factor is satisfied because the evidence shall only be used for permissible purposes as prescribed in D.R.E. 404(b), not for the purpose of proving propensity. The eyewitness testimony regarding how Mr. Armstrong spoke to and handled the child would show motive as the testimony alleges Mr. Armstrong treated his older daughter differently than his son regarding ability to express emotion. Additionally, the prior statements and text messages to the mother of the child show state of mind, absence of mistake and the behaviors of Mr. Armstrong follow a common scheme or plan. The prior statements and text messages go towards Mr. Armstrong's awareness of his actions.

The third factor of *Getz* is satisfied because the evidence is plain, clear and conclusive. In *Morse*, this factor was met because the evidence of prior abuse was

---

[8] 120 A.3d 1 (Del. 2015).
[9] *Id.* at 9-10.

established through photographs, eyewitness testimony and videos.[10] Here, the State is offering evidence of the bad acts through eyewitness testimony, Mr. Armstrong's own statements and photographs. Therefore, the evidence is plain, clear and conclusive.

The fourth *Getz* factor is satisfied. In Morse, the court found this factor to be met when the act occurred within two years of the charged offense.[11] Here, because the prior bad acts occurred less than a year before this offense, the factor is satisfied.

The fifth and final factor requires this Court to consider the *Deshields* factors. In *Morse*, even though the evidence of uncharged infant abuse though photographs, eyewitness testimony and videos were undeniably prejudicial, the evidence was properly admitted.[12] This was because the defendant disputed the intent element of the crimes charged and the State carries the burden of proving all the elements of a criminal evidence, therefore, defendant's previous actions were highly relevant to the intent.[13] Here the fifth factor is satisfied because the probative value of the evidence of the bad acts is not substantially outweighed by the danger of unfair prejudice. The extent to which the point to be proved is not in dispute here: the child was in Mr. Armstrong's care at the time of the injuries. The proof of the prior

---

[10] *Id.* at 10-11.
[11] *Id.* at 11.
[12] *Id.*
[13] *Id.*

conduct is adequate considering eyewitness testimony, as well as Mr. Armstrong's statements. The probative force of the evidence is great as it will aid the jury in determining Mr. Armstrong's state of mind. The State has sufficient need for the evidence as to prove state of mind, lack of mistake and common plan. It does not appear there is availability of less prejudicial proof. Undoubtably there is a significant inflammatory effect of the evidence that may cause prejudice to Mr. Armstrong. However, the State's significant need to prove the intent, which is disputed by Mr. Armstrong here, outweighs the prejudice. There is similarity of the prior wrong to the charged offense and the effectiveness of limiting instructions will be sufficient to remedy the prejudicial effect, as is the intention of a limiting instruction. Here, the prior act evidence would not prolong the proceeding. As such, the fifth factor is satisfied.

Because all five favors of *Getz* are satisfied and having found the Court's consideration of *Deshields* favors admission, the States Motion to present text messages, photographs, and statements about earlier injuries to the infant is **GRANTED.**

*Limiting Instruction*

Because this Court is granting admission of text messages, photographs and statements about earlier injuries to the infant, it will give the following Limiting Instruction:

8

Ladies and gentlemen of the jury, during this trial you have heard evidence that the defendant was involved in an act similar to the [indicted offense] that he is now charged with. You may not consider evidence relating to these other crimes, wrongs, or acts allegedly committed by the defendant for which he is not now on trial for the purpose of concluding that he is of a certain character, or possesses a certain character trait, and that he was acting in conformity with that character or character trait with respect to the crimes charged in this case. You may not use that evidence as proof that the defendant is a bad person and therefore probably committed the [indicted offense] he is charged with. You may use the evidence only to help you in determining defendant's motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident. You are instructed your use of any such evidence presented on other crimes or bad acts only if you believe it and only as it relates to the defendant's motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident.

### *As to the CAC video statement of a child witness*

To the extent that the child witness is expected to provide direct examination at trial and the video would be duplicative of such testimony, the CAC is inadmissible. Accordingly, the State's Motion to present the CAC video statement is **DENIED.**

If there are matters contained in the CAC that are not duplicative of the child witness' testimony, this Court reserves judgment on such matters until they arise at trial.

## CONCLUSION

For the aforementioned reasons, the State's Motion *in Limine* is hereby

**GRANTED, in part and DENIED, in part.**

/s/ **Calvin L. Scott**
**Judge Calvin L. Scott, Jr.**